REQUESTED BY: Senator Merton L. Dierks, Legislative District 40
You have expressed an intention to offer legislation this session which would make it clear that all persons who qualify for Medicare — not merely those who qualify due to age — also qualify for the open enrollment for Medicare Supplemental Insurance. However, you indicated concerns had been expressed about such legislation being redundant and have asked for our assistance in ensuring that the legislation avoid being labeled as unnecessarily duplicative.
The Medicare program provides payment for certain medical services for persons 65 years of age or older, disabled beneficiaries and persons with end-stage renal disease.63 Fed. Reg. 67078 (Dec. 4, 1998). Medicare Supplemental Insurance, as the name suggests, is available to cover some of the medical expenses not covered by Medicare. In the past, state law defined such policies with reference to persons eligible for Medicare due to age. See Neb. Rev. Stat. § 44-3602(7) (1989 Supp.). But in 1992 the definition was changed to remove the reference to age-based eligibility. 1992 Neb. Laws LB 1006, § 20.
The fact that a Medicare Supplemental Insurance product could be designed to provide coverage for persons whose eligibility for Medicare did not depend upon their age would not necessarily address things like open enrollment or guaranteed issuance of such supplemental insurance. Therefore, it cannot be said that expressly addressing such things in state law would be redundant.
The product is governed extensively by federal regulations and by standards of the National Association of Insurance Commissioners (NAIC), which, by federal law, the states must adopt. According to a Notice published by the Health Care Financing Administration which described the changes made to the Social Security Act by the Balanced Budget Act of 1997 (BBA), prior to the enactment of the BBA, Medicare beneficiaries had only one opportunity to purchase a Medigap policy on a "guaranteed issue" basis. Beneficiaries had a six month open enrollment window beginning when they were 65 years of age or older and
enrolled in Medicare Part B. 63 Fed. Reg. 67080 (Dec. 4, 1998). The Insurance Department's regulations on Medicare Supplement Insurance tracked this language. The BBA now expands the circumstances where issuance of a policy is guaranteed. "[T]he guaranteed issue provisions in section 1882(s)(3)(B) (i) through (v) do not contain an age restriction. Therefore, the latter provisions apply by their terms both to individuals eligible for Medicare based on age, and those whose eligibility is based on disability or ESRD." 63 Fed. Reg. 67080 (Dec. 4, 1998). The Insurance Department has adopted conforming regulations.
Still, we suspect the governing laws and regulations do not provide the sort of open enrollment you envision for persons whose eligibility is not due to age. It does not appear that legislative action on the subject would be prohibited at the state level, however. "States maintain the authority to enact provisions that are more stringent than those that are incorporated in the NAIC Model Regulation or in the statutory requirements. See section 1882(b)(1)(A) of the Act." 63 Fed. Reg. 67079 (Dec. 4, 1998). According to the 1997 Medicare Handbook of the Health Care Financing Administration, "several states (Connecticut, Maine, Massachusetts, Minnesota, New Jersey, New York, Oklahoma, Oregon, Pennsylvania, Virginia, Washington, and Wisconsin) require at least a limited Medigap open enrollment period for Medicare beneficiaries under 65." Id. at 4. Perhaps the law of one of these states would provide a useful model. We, of course, express no opinion on the wisdom or desirability of such legislation.
Sincerely,
 Don Stenberg Attorney General
 Mark D. Starr Assistant Attorney General
Approved:
Don Stenberg
Attorney General